# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **STEVIE W. BAILEY,** ) | |
| ) | |
| **Petitioner,** ) | |
| **v.** ) | Civil Action No. 5:13-31856 |
| ) | |
| **STATE OF WEST VIRGINIA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss Petition as Untimely" (Document No. 16.), filed on February 5, 2014. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 7.) Petitioner has filed a Response to the Respondent's Motion.[1] (Document Nos. 18 and 20.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's "Motion to Dismiss Petition as Untimely."

## PROCEDURE AND FACTS

On September 9, 1985, Petitioner was convicted by a jury in Wyoming County, West Virginia, of Murder in the First Degree. State v. Bailey, Case No. 85-F-25 (Cir. Ct. Wyoming Co. Oct. 14, 1985); (Document No. 11.) By Order entered on October 14, 1985, the Circuit Court sentenced Petitioner to life imprisonment. (Id.) Petitioner appealed his conviction to the West Virginia Supreme Court of Appeals. (Document No. 16-1.) The West Virginia Supreme Court of Appeals confirmed Petitioner's conviction on July 16, 1987. (Id.); State v. Bailey, 179 W.Va. 1, 365

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

S.E.2d 46 (1987). Petitioner filed a Petition for Rehearing, which the West Virginia Supreme Court denied on February 2, 1988. (Document No. 16-3.)

On April 29, 1991, Petitioner, by counsel, filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Wyoming County. Baily v. Legursky, Case No. 91-C-191 (Cir. Ct. Wyoming Co. Jan. 12, 1996); (Document No. 16-4.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

- A. Petitioner's Sixth Amendment right to counsel was denied due to ineffective representation.

- B. The prosecution's misconduct denied the Petitioner his right to due process.

- C. The Petitioner was denied due process and a fair trial when the trial court failed to admonish the jury not to discuss the case, listen to news accounts, conduct their own investigation, etc., during its recess from Friday, September 6, 1985, through Monday, September 9, 1985.

- D. The Petitioner was denied due process because of a defective verdict form.

- E. The Petitioner was denied due process by the giving of an instruction which incompletely stated the law.

- F. The Petitioner was denied his rights under the Fifth Amendment when the Court failed to ascertain on the record that the defendant made a knowing, voluntary, and intelligent waiver of his right to testify in his own behalf.

(Id.) An omnibus hearing was conducted on June 6, 1994. (Document No. 16-5, p. 6.) By Order entered on January 12, 1996, the Circuit Court denied Petitioner's *habeas* petition. (Id., p. 15 and Document No. 16-6.) Petitioner appealed the denial to the West Virginia Supreme Court of Appeals. (Document No. 16-5.) By Per Curiam Opinion entered on July 16, 1997, the West Virginia Supreme Court of Appeals affirmed the Circuit Court's order denying Petitioner's *habeas* petition. (Id.); Bailey v. Legursky, Case No. 23832 (W.Va. 1997)(*per curiam*). Petitioner filed a Petition for Rehearing, which the West Virginia Supreme Court of Appeals denied on September 3, 1997.

(Document No. 16-7.)

A review of the "Clerk's Certificate" from the Clerk of the Wyoming County Circuit Court reveals that Petitioner did not file another *habeas* petition until 2000. (Document No. 16-8.) In 2000, 2004, and 2008, Petitioner filed additional *habeas* petitions in the Circuit Court of Wyoming County. (Id.)

On December 6, 2013, Petitioner, acting *pro se*, filed in the Northern District of West Virginia his letter-form Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 1.) By Order entered on December 11, 2013, the Northern District of West Virginia transferred this matter to this District as Petitioner is challenging his conviction obtained in Wyoming County, West Virginia. (Document No. 5.) Upon reviewing the case, the undersigned noted that (1) Petitioner's letter-form Petition failed to specify each ground for *habeas* relief, and (2) Petitioner did not pay the filing fee or submit an Application to Proceed *in Forma Pauperis* or Without Prepayment of Fees. By Order entered on January 7, 2014, the undersigned directed Petitioner to "amend his Petition, and (2) either pay the filing fee or file an Application to Proceed *in Forma Pauperis*" by February 7, 2014. (Document No. 9.) Petitioner paid the $5.00 filing fee on January 8, 2014. (Document No. 10.)

On January 10, 2014, Petitioner filed his Amended Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 11.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

1. Inordinate Delay. My case was remanded back in 2008. Judge McGraw was appointed. In two years, he only wrote once and did not appoint a lawyer to my case. Then he recused himself. Now Judge Murensky appoints lawyers who tell me they don't want my case and won't address issues. Two attorneys said it would hurt them politically. I filed a number of motions and Judge Murensky said he didn't, and would not, acknowledge them. The time

3

        alone is clearly an inordinate delay.

2.     Due Process. I was denied my right to a fair trial by a fair and impartial trier of fact. Judge Hrko and Attorney Staton were self-serving and unethical. The court is now passing my case around with no real hearing. Judge Murensky clearly stated he was not going to acknowledge any motion I had filed, or was going to file. Clearly, Judge's Code and Canon Code 3 doesn't mean anything to him. Nor any of my constitutional rights. My case has been before the court more than 4 years. Clearly, a case of due process.

3.     Obstinately Refused to Adjudicate. Exceptional circumstances test. No one wants to answer it.

By Order entered on January 13, 2014, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition. (Document No. 12.) On February 5, 2014, Respondent filed his "Response Addressing Timeliness of Petition and Motion to Dismiss Petition as Untimely." (Document No. 16.) Specifically, Respondent explains that the statute of limitations began running on September 4, 1997, and Petitioner "had until September 3, 1998, to file in federal court under 28 U.S.C. § 2254."(Id.) Respondent, however, argues that Petitioner failed to file any *habeas* petitions during this time period. (Id.) As Exhibits, Respondent attaches the following: (1) A copy of State v. Bailey, 179 W.Va. 1, 365 S.E.2d 46 (1987) (Document No. 16-1.); (2) A copy of West Virginia Supreme Court of Appeals' mandated as issued on July 16, 1997 (Document No. 16-2.); (3) A copy of the West Virginia Supreme Court of Appeals' Order entered on February 2, 1988, denying Petitioner's Petition for Rehearing (Document No. 16-3.); (4) A copy of Petitioner's "Amended Writ of Habeas Corpus Ad Subjiciendum" as filed in the Circuit Court of Wyoming County in Case No. 91-C-191 (Document No. 16-4.); (5) A copy of the West Virginia Supreme Court of Appeals' Per Curiam Opinion affirming the Circuit Court's denial of Petitioner's *habeas* petition (Document No. 16-5.); (6) A copy of the West Virginia Supreme Court of Appeals' mandate as issued on July 16, 1997 (Document No. 16-6.); (7) A copy of the West Virginia Supreme

Court of Appeals' Order entered on September 3, 1997, denying Petitioner's Petition for Rehearing (Document No. 16-7.); and (8) A copy of the "Clerk's Certificate" from the Clerk of the Wyoming County Circuit Court (Document No. 16-8.).

On February 20, 2014, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion to Dismiss. (Document No. 17.) On February 25, 2014, Petitioner filed his Response in Opposition. (Document Nos. 18 and 20.) First, Petitioner argues that "the Antiterrorism and Effective Death Penalty Act of 1996 is being misused once again [and] [t]his is just a way for the Respondent to try and shoot a good claim out of court." (Document No. 18, p. 1.) Second, Petitioner claims that "[t]he issues the Petitioner filed did not take place until 2009 - 2011 with Judge McGraw and continued to Judge Murensky." (Id., p. 2.) Third, Petitioner notes that he is proceeding *pro se*. (Id., pp. 3 - 7.) Petitioner, therefore, contends that "a gross injustice would be done if this Petitioner's case is time barred." (Id., p. 2.)

In his "Procedural History Laws Backings Issues," Petitioner argues that the Circuit Court has improperly denied his *habeas* petitions. (Document No. 20.) Petitioner further complains that the Circuit Court is delaying proceedings in his *habeas* petition filed in 2009, which was allegedly remanded by the West Virginia Supreme Court for further proceedings. (Id.) Petitioner acknowledges that a number of attorneys have been appointed in his case, but all have withdrawn as counsel. (Id.) Petitioner complains that current counsel refuses to address all issues Petitioner wishes to raise. (Id.)

On March 6, 2014, Petitioner filed a Motion to Further Supplement." (Document No. 21.) In his Motion, Petitioner states that he wishes to include the following grounds for relief: (1) "This

5

petitioner was denied his rights under the Fifth Amendment to the U.S. Constitution whether the preliminary examination is a critical stage and due process and equal protection under the Fourteenth Amendment were thereby denied;" and (2) "Was the Petitioner denied effective assistance of trial counsel and effectively denied counsel altogether when trial counsel was in actual conflict by serving two masters in derogation of the Sixth Amendment." (Id.)

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the

---

[2] Title 28, United States Code, Section 2244(d)(1) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

The West Virginia Supreme Court denied Petitioner's Petition for Rehearing on his appeal of his First Degree Murder conviction on February 2, 1988, and Petitioner's conviction became final 60 days[3] later when he did not file a petition for writ of certiorari in the United States Supreme Court (April 2, 1988). Thus, Petitioner's conviction became final prior to the enactment of AEDPA. The Fourth Circuit has held that, "in the case of a habeas challenge to a state conviction that became final prior to the enactment of AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition." Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001)(citing Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1988)). Accordingly, the one-year period of limitation began to run on April 24, 1996, and would run unless and until Petitioner sought post-conviction relief in the State courts or it expired. If and when Petitioner sought *habeas* relief in the State courts within the one-year period after April 24, 1996, the running of the period of limitation would be tolled and begin running again when Petitioner's *habeas* proceedings were concluded. If Petitioner did not seek *habeas* relief in the State Courts within the one-year period after April 24, 1996, the period would expire and he would lose the opportunity to seek *habeas* relief in the Federal District Court on April 24, 1997.

In the instant case, it appears that Petitioner filed State *habeas* petitions in 1991, 2000, 2004,

---

[3] In 1988, the period to file a writ of certiorari with the United States Supreme Court was sixty days. *The Supreme Court's New Rules for the Eighties*, 85 F.R.D. 487 (1980).

and 2008. Petitioner's State *habeas* petition filed in 1991 was still pending on April 24, 1997. Accordingly, the one-year statute of limitation was tolled by Petitioner's 1991 State *habeas* proceeding. On January 12, 1996, the Circuit Court of Wyoming County denied Petitioner's *habeas* petition. Petitioner filed an appeal to the West Virginia Supreme Court of Appeals. The West Virginia Supreme Court of Appeals affirmed the Circuit Court's decision on July 16, 1997, and denied Petitioner's Petition for Rehearing on September 3, 1997. The limitation period thus began to run again on September 4, 1997, and Petitioner had until September 3, 1998, to file a Section 2254 Application in the United States District Court, unless he again sought post-conviction relief from the State Courts. The record reveals that Petitioner took no further action to file a *habeas* petition until 2000, when Petitioner filed a *habeas* petition with the Circuit Court of Wyoming County. Therefore, the one-year limitation period expired on September 3, 1998, as Petitioner did not have a State *habeas* petition pending at any time between September 4, 1997, through September 3, 1998. Petitioner's Section 2254 Petition is therefore clearly untimely.

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Harris, 209 F.3d at 328-31. The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Id. at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control. Id.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where

> – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. It appears that Petitioner's untimeliness is a result of his misunderstanding of the statutory limitation period. This misunderstanding, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]the mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Next, Petitioner claims that "[t]he issues the Petitioner filed did not take place until 2009 - 2011 with Judge McGraw and continued to Judge Murensky." Based upon a review of Petitioner's Petition, the undersigned finds that Petitioner is referring to his claim of "Inordinate Delay" as asserted in Ground One, a portion of his "Due Process" claim as asserted in Ground Two,[4] and his claim of "Obstinately Refused to Adjudicate" as asserted in Ground Three. The Court notes that the above grounds do not involve challenges to Petitioner's underlying State conviction. The above grounds involve claims of delay in his currently pending State *habeas* petition, which is improperly asserted in a Section 2254 Petition. Thus, Petitioner's claim of lack of knowledge of the claims is without merit. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed

---

[4] Petitioner acknowledges that the remaining portion of his claim asserted in Ground Two was known and asserted in his first State *habeas* petition. (Document No. 20, pp. 2 - 3.)

9

approximately fifteen years and three months after the Section 2244(d) one-year period expired. Accordingly, Petitioner's Section 2254 Petition must be denied as untimely.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's "Motion to Dismiss Petition as Untimely" (Document No. 16.), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document Nos. 1 and 50.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger,

and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Dated: June 17, 2014.

R. Clarke VanDervort
United States Magistrate Judge